IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *
                                  *
       Plaintiff                  *
                                  *
  vs.                             *
                                  *     CRIM NO. MJG-15-0565
                                  *
COURTNEY B. WALKER                *
                                  *
       Defendant                  *
                                  *
*   *   *   *   *   *   *   *   *

MEMORANDUM AND ORDER RE: TIME SERVED MOTION

The Court has before it the motion filed pro se by Defendant Walker entitled "Nunc Pro-Tunc and Clearification (sic) of Jail Credit of Time Served" [ECF No. 359]. No Government response is necessary.

Defendant asserts that he was denied promised credit against his current sentence in this case for a total of about three years of time he had served on a South Carolina state sentence. Def.'s Mot. at 2. Defendant's factual assertions supporting the motion are not correctly stated. Moreover, even if Defendant's factual allegations were fully correct, this Court would not have jurisdiction to grant the relief sought by the instant Motion because:

- Challenges to the execution or computation of a sentence must be brought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court. See United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989)

(per curiam); United States v. Hughes, 491 F. App'x 451 (4th Cir. 2012).

- The Bureau of Prisons is the body which determines credit for time served. See United States v. Wilson, 503 U.S. 329, 334-35 (1992);

- Exhaustion of administrative remedies regarding issues of credit for time served must precede any lawsuit. See Chau Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); United States v. Goulden, 54 F.3d 774, at *2 n.3 (4th Cir. 1995) (per curiam) (unpublished disposition);

  and

- The challenge to the computation of a sentence must be brought in the district of incarceration. United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989); United States v. Hughes, 491 F. App'x 451 (4th Cir. 2012).

Defendant Walker's statement of alleged pertinent facts in the motion is not accurate. He claims that "the AUSA promised defendant and his attorney that she would recommend that the Court give him the jail credit that he spent in state custody toward his federal sentence if he plead [sic] guilty." Def.'s Mot. at 2. And, Defendant states that "the Government clearly stated on the record during the plea, that it would make the recommendation to the court during sentencing that defendant receive [sic] the jail credit he served in South Carolina." Id. However, the written plea agreement signed by the Defendant [ECF No. 189] has no such promise, and Defendant stated under oath in the guilty plea proceeding that he did not contend there were any promises made to him except what is

2

in the plea agreement. Guilty Plea Tr. at 21:3-6 (Dec. 1, 2016). Moreover, in the guilty plea proceeding, the prosecutor did not make the statement alleged by Defendant, and Defendant's own counsel acknowledged that Defendant would not get credit in this case for the time served on the South Carolina state sentence, stating:

> [Defendant] "has been continuously incarcerated for more than three years, so I will be asking the Court to vary from the sentence at the time of sentencing because <u>he effectively doesn't get credit for those three years</u> because he's serving anther sentence, even though it [is] substantially related conduct to this case because it's doing the same thig with the same people, albeit in South Carolina state."

Guilty Plea Tr. at 20:1-18 (Dec. 1, 2016) (emphasis added).

Defendant accurately states that "the Probation Department requested that he be given jail credit from March 8, 2016 [the date on which he was placed in federal custody in this case], although this credit was never applied to defendant's sentence even though the Honorable Court adopted the PSI to be accurate." Def.'s Mot. at 3. The Amended Pre-Sentence Investigation Report [ECF No. 337] does state on page 2 that Defendant should get credit for time served in this case from March 8, 2016. If this credit was not given by the Bureau of Prisons, Defendant must proceed <u>vis-à-vis</u> the Bureau to obtain the credit, but this Court cannot itself grant the credit.

At sentencing, the Court expressly stated that the sentence in the instant case was consecutive to the South Carolina sentence. Sentencing Tr. at 37:16-22 (Aug. 3, 2017). The Court did not, at sentencing or in any other context, state that Defendant would receive credit against the instant sentence for time served on the South Carolina sentence. Rather, the Court stated in the sentencing proceedings:

> "The bureau [of Prisons] will determine what to do about the South Carolina time, and there is an administrative process your lawyer can talk about to try and contest what they do. And its fine with me if they give you credit for the -- for any time regarding South Carolina. I don't have any objection to that. You should have all the credit you're entitled to."

Sentencing Tr. at 34:7-13 (Aug. 3, 2017).

The Defendant has not established that any promise was made to him that he would receive credit for time served on his South Carolina sentence. The Probation Officer and the Court understood that he was entitled to receive credit against the sentence in this case for time served starting March 8, 2016. If Defendant has not in fact been given credit for time served starting March 8, 2016, the Bureau of Prisons may be in error. At sentencing, the Defendant was informed that any issue regarding the computation of his sentence had to be presented to the Bureau of Prisons and resolved with that

4

agency or in the court having jurisdiction over Defendant's place of incarceration, currently Marianna, Florida.

Accordingly, the motion filed pro se by Defendant Walker entitled "Nunc Pro-Tunc and Clearification (sic) of Jail Credit of Time Served" [ECF No. 359] is DENIED.

SO ORDERED, this Tuesday, September 26, 2017.

_____/s/_____
Marvin J. Garbis
United States District Judge